UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WILFREDO LOPEZ**,<br><br>       Plaintiff,<br><br>vs.<br><br>**ALLIED AVIATION SERVICE COMPANY OF NEW YORK, INC., ALLIED AVIATION HOLDINGS CORPORATION, and ROBERT L. ROSE, Individually,**<br><br>       Defendants. | Civil Action No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, WILFREDO LOPEZ ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, ALLIED AVIATION SERVICE COMPANY OF NEW YORK, INC., ALLIED AVIATION HOLDINGS CORPORATION, and ROBERT L. ROSE, Individually ("Defendants") and alleges as follows:

## INTRODUCTION

1.       Plaintiff, on behalf of himself and all others similarly situated, brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. §201 et. seq. and alleges that he is entitled to recover from Defendant: (1) unpaid off the clock wages, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

2.       Plaintiff, on behalf of himself and all others similarly situated, brings this lawsuit seeking recovery against Defendants for Defendants' violation of the New York Labor Law, Art.

6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL"), and alleges that he is entitled to recover from Defendants: (1) unpaid off the clock wages, (2) unpaid overtime, (3) liquidated damages, (4) statutory penalties, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and under 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

**DEFENDANTS ALLIED AVIATION SERVICE COMPANY OF NEW YORK, INC. and ALLIED AVIATION HOLDINGS CORPORATION**

6. Defendant ALLIED AVIATION SERVICE COMPANY OF NEW YORK, INC. is a corporation organized under the laws of the State of New York, with a principle executive office located at 462 7th Avenue, 17th Floor, New York, New York, 10018, and an address for service of process located at 80 State Street, Albany, New York, 12207.

7. Defendant ALLIED AVIATION HOLDINGS CORPORATION is a foreign corporation organized under the laws of the State of Florida, with a principle executive office located at 4120 Higel Avenue, Sarasota, Florida, 34242, and an address for service of process located at 80 State Street, Albany, New York, 12207.

8. Defendants ALLIED AVIATION SERVICE COMPANY OF NEW YORK, INC., and ALLIED AVIATION HOLDINGS CORPORATION (collectively, "Allied") are

independently owned and operated companies whose core business is providing fueling services for the commercial aviation industry at some of the largest airports in the United States, the Carribean, and Latin America. Allied also owns and operates pipelines, tank farms and other business activities.

9. Upon information and belief, at all times relevant to this Complaint, Allied employs individuals to perform labor, such as fuelers, tank farm operators, mechanics, on behalf of Allied.

10. Upon information and belief, at all times relevant to this Complaint, Allied's annual gross volume of sales made or business done was not less than approximately $500,000.00.

11. At all times relevant to this Complaint, Allied was and is an "enterprise engaged in commerce" under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

12. At all times relevant to this Complaint, Allied was and is an "enterprise engaged in commerce" under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**DEFENDANT ROBERT L. ROSE**

13. Defendant ROBERT L. ROSE ("Rose") owns and/or operates Allied which has its headquarters in Westbury, Nassau County, New York, and Sarasota, Florida, respectively. Defendant Rose employs persons such as Plaintiff and other similarly situated employees to work on his behalf in providing labor for his business. This Defendant is within the personal jurisdiction and venue of this Court.

14. At all times material hereto, Defendant Rose, managed, owned and/or operated a waste collection business, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the

finances and operations of such business. By virtue of such control and authority, Rose was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. §201 et seq.

15. Defendant Rose directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

**Plaintiff**

**WILFREDO LOPEZ**

16. Plaintiff WILFREDO LOPEZ ("Lopez') is an adult individual who is a resident of Nassau County, New York.

17. At all relevant times, the work performed by Plaintiff was to the benefit of the business operated by Defendants.

18. At all relevant times, Plaintiff and those similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

19. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – non-exempt employees – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), on or after August 23, 2009 (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs").

20. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights.

21. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **FACTS**

22. In or about 1990, Plaintiff Lopez was hired by Defendants to work as a fueler for Defendants' commercial airline fueling business. Plaintiff Lopez worked for Defendants through in or about March, 2010.

23. Plaintiff Lopez's duties included fueling commercial aircraft for the benefit of Defendants.

24. Plaintiff Lopez was scheduled to work six (6) days per workweek.

25. Plaintiff Lopez routinely worked over forty (40) hours per workweek on behalf of Defendants, but was never compensated at an overtime rate of one and one half times his regular rate of pay for those hours over forty (40) hours per workweek.

26. During the employment of Plaintiff Lopez, by Defendants, other employees employed by Defendants were paid in a similar manner as Plaintiff Lopez, and their working schedules were also similar.

27. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

28. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

29. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff, FLSA Collective Plaintiffs, as well as those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

30. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

31. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 30 above.

32. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

34.     At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.

35.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

36.     Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

37.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked.

38.     Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their total wages worked in the lawful amount for their hours worked.

39.     Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them for all of their hours worked.

40.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants.  Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave to Court to amend this Complaint to set forth the precise amount due.

41. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime wages, plus an equal amount as liquidated damages.

45. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NYLL

46. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 45 above.

47. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

48. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

49. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff's wages in the lawful amount for all hours worked.

50. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements as required under the New York Labor Law. In addition, Defendants failed to provide proper notice to employees, including hour and overtime rates, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

51. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## JURY TRIAL

52. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable as of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

  a. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

  b. An award of liquidated damages and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

9

c. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

d. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

e. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs; and

f. Such other and further relief as this Court deems just and proper.

Dated: August 23, 2013

Respectfully submitted,

/s/ Jodi J. Jaffe
Jodi J. Jaffe, Esq.
E-mail: JJaffe@JaffeGlenn.com
New York Bar No: JJ8034
**JAFFE GLENN LAW GROUP, P.A.**
12000 Biscayne Blvd. Suite 305
North Miami, FL. 33181
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*