

Donna M. Griffin
(813) 433-9003 Telephone
(813) 287-5757 Facsimile
Donna@suarezgriffin.com

November 21, 2013

The Honorable Raymond J. Dearie    **VIA ECF**
United States District Court
225 Cadman Plaza East
Brooklyn NY  11201

Re:   Wilfredo Lopez v. Allied Aviation Service Company of New York, Inc., et al.
      Case No.: 1:13-cv-04759-RJD-SMG

Dear Judge Dearie:

Our Firm represents the Defendants in the above-referenced matter. **We are writing to request a pre-motion conference regarding our proposed Motion to Dismiss Plaintiff's Collective Action Complaint.** Defendants, ALLIED AVIATION SERVICE COMPANY OF NEW YORK, INC., ALLIED AVIATION HOLDINGS CORPORATION, and ROBERT L. ROSE, Individually, by and through their undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and intend to file a Motion to Dismiss the Collective Action Complaint because it lacks sufficient detail about the length, type and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week.

## Plaintiff's Allegations

Plaintiff brought this action on behalf of himself and others similarly situated seeking recovery under the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the New York Labor Law ("NYLL"), Art. 6 §§ 190 *et. seq.* and Art. 19 §§ 650 *et. seq.* alleging entitlement to recover unpaid off the clock wages, unpaid overtime, liquidated damages, statutory penalties and attorneys' fees and costs. Plaintiff, on behalf of himself and similarly situated employees, specifically alleges in the Complaint:

- He was a fueler whose duties included fueling commercial aircraft for the benefit of Defendants and he was scheduled to work six (6) days per week. (D.1, ¶ 22-24).
- He routinely worked over forty (40) hours per work week on behalf of Defendants, but was never compensated at an overtime rate of one and one half times his regular rate of pay for those hours over forty (40) hours per work week. (D.1, ¶ 25, 26).
- Defendant has engaged in a widespread pattern, policy and practice of violating the FLSA and NYLL, as described in this Complaint. (D.1, ¶ 27).
- Defendants failed to comply with the FLSA and NYLL because they made no provision to pay Plaintiff compensation to which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week. (D.1, ¶ 29, 36).

The Honorable Raymond J. Dearie
November 21, 2013
Page 2

- Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one half to Plaintiff for his hours worked in excess of forty hours per work week. (D.1, P. 35).
- Defendants had a policy and practice of refusing to pay Plaintiff for his hours worked. (D.1, ¶ 37).
- Defendants failed to pay Plaintiff his total wages worked in the lawful amount for their hours worked. (D.1, ¶ 38).

Although Plaintiff identifies that he was a fueler, his Complaint is completely devoid of any facts regarding the nature or type of work he performed but was not compensated for. Complaint, ¶ 22. Although he claims he was scheduled 6 days per week, Plaintiff also fails to provide any specificity or approximation concerning the number of uncompensated overtime hours allegedly worked.

Nor does Plaintiff identify or estimate the number of work weeks he performed uncompensated overtime work. He claims he "routinely" worked more than 40 hours in a work week, but provides nothing more. Complaint, ¶¶ 25-26. The Complaint also fails to even identify basic information such as his rate of pay or the wages that are due. In fact, Plaintiff's Complaint, which alleges simply that he is owed for hours worked in excess of 40 in a work week, is devoid of any numbers to consider beyond those taken from the FLSA itself. Plaintiff's Complaint fails to meet the necessary standards to establish a claim for which relief can be granted and cannot survive a motion to dismiss.

## Argument

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

The Complaint must contain **sufficient factual content** and offer more than a "sheer possibility" for the Court to reasonably infer the Defendant is liable for the misconduct alleged. *Id.* The Supreme Court has similarly stated that a court considering a motion to dismiss should not **give the assumption of truth to legal conclusions not supported by factual allegations** in a Complaint. *Id. (citing Twombly*, 550 U.S. at 557. While legal conclusions can provide the framework of a complaint, the framework must be supported by factual allegations. *Id.* If the reviewing Court has found the Plaintiff has not met this burden, the Plaintiff has not established that he is entitled to relief. *Id.*

In a triology of recent FLSA cases, the Second Circuit Court of Appeals has strictly required Plaintiffs to comply with the factual specificity required by the Supreme Court. First, in *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106 (2nd Cir. 2013), the Plaintiff failed to plead how often she was required to work in excess of 40 hours or how long she was required to work. 711 F.3d at 114-115. Relying on *Iqbal* and *Twombly*, the Second Circuit concluded that "to state a plausible FLSA claim, a Plaintiff must sufficiently allege 40 hours of work in a given work week as well as some uncompensated time in excess of the 40 hours." *Id.* at 114.

The Honorable Raymond J. Dearie
November 21, 2013
Page 3

In *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2nd Cir. 2013), the Court refined this standard and held that to plead a plausible FLSA overtime claim, the Plaintiffs "must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week…[w]hat aspects of Plaintiffs' position, pay or dates of employment are necessary to state a *plausible* claim for relief…" 723 F.3d at 201. The Second Circuit held that, although the Plaintiffs' Complaint "raised the possibility" of an overtime claim, it lacked the specificity required and was dismissed.

Finally, in *DeJesus v. HF Mgt. Serv., LLC,* 2013 WL 3970049 (2nd Cir. 2013), similar to the Plaintiff in the instant case, *DeJesus* alleged only that she worked more than 40 hours in some or all work weeks without failing to make an approximation of hours that would render the claim plausible rather than merely conceivable. The Complaint was dismissed because *DeJesus* failed to "set forth the precise position she held, any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due."

It is clear that based on the foregoing legal standards, the Plaintiff's Complaint in the instant case falls short of the specificity required for pleading FLSA causes of actions and should be dismissed. Although Plaintiff identifies that he was a fueler, his Complaint fails to identify the nature or type of work he performed but was not compensated for. He states that he was scheduled six (6) days per week, but provides no information or detail concerning the type or number of uncompensated overtime hours allegedly worked. See Complaint, ¶¶ 22-24.

Plaintiff has similarly failed to identify or estimate the number of work weeks he performed uncompensated overtime work. He merely claims that he "routinely" worked more than 40 hours in a work week and was not compensated 1 ½ times his regular rate of pay, but provides nothing more. See Complaint, ¶¶ 25-26. His allegations continue that the Defendants have a widespread pattern and policy of violating the FLSA and NYLL, which he promises will be described in further detail in the Complaint, but which is never addressed thereafter. Complaint, ¶ 27. The Complaint also fails to even identify basic information such as his rate of pay or the wages that are due. This is precisely the requisite detail required by the Second Circuit in *Lundy, Nakahata,* and *DeJesus*.

For all of the reasons stated above, we respectfully request that a pre-motion conference be scheduled to allow for Defendants to file a Motion to Dismiss Plaintiff's Collective Action Complaint.

Sincerely,

SUAREZ | GRIFFIN PL

Donna M. Griffin

cc:    Andrew I. Glenn, Esq.        Gregg I. Shavitz, Esq.        Attorneys for Plaintiff
       Jodi J. Jaffe, Esq.          Keith M. Stern, Esq.          (Via ECF)