UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILFREDO LOPEZ, on behalf of himself and all others
similarly situated,

                                    Plaintiff,             13-CV-4759
      -against-                                               (RJD)(SMG)

ALLIED AVIATION SERVICE COMPANY OF NEW YORK,
INC., ALLIED AVIATION HOLDINGS CORPORATION,
ALLIED AVIATION, LLC,
and ROBERT L. ROSE, Individually,

                                    Defendants.
----------------------------------------------------------------X

## **CONFIDENTIAL SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS**

THIS CONFIDENTIAL SETTLEMENT AGREEMENT, WAIVER AND RELEASE OF CLAIMS (hereinafter this "Agreement") is made and entered into, by and between Allied Aviation Service Company of New York, Inc., Allied Aviation Holdings Corporation, Allied Aviation, LLC, and Robert L. Rose (collectively hereinafter "Allied" or "Defendants"), and Wilfredo Lopez ("Plaintiff"). By executing this Agreement, Plaintiff recognizes that he is waiving rights on behalf of himself and on behalf of his executors, administrators, successors and assigns.

When used hereafter the phrase the "Released Parties" includes all of the following: Allied, their current or former directors, officers, executives, investors, employees, legal representatives and agents both in their official capacity and personally, their subsidiaries, affiliates, parent company, predecessors, successors and assigns.

WHEREAS, Plaintiff and Defendants desire to finally settle all existing or potential claims and disputes between Plaintiff and any and all of the Released Parties to the extent permitted by law, whether known or unknown, that have been or could have been alleged by Plaintiff, including any claims Plaintiff may have had through the date Plaintiff executes this Agreement against any of the Released Parties in their individual and official capacities, including, but expressly not limited to, Plaintiff's claims in the above-captioned lawsuits.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, Plaintiff and Allied agree and covenant as follows:

1.        **No Admission of Liability.** By entering into this Agreement, Allied does not admit, and specifically denies, any liability or wrongdoing, or violation of **any** law, statute, order, regulation or policy. It is expressly understood and agreed that this Agreement is being

1

entered into solely for the purpose of amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever, whether known or unknown, that have been or could have been alleged by Plaintiff, up through the date the Plaintiff executes this Agreement. Neither this Agreement, nor anything contained herein, is to be construed as an admission by Defendants that Plaintiff is or was entitled to any monies or an admission that Defendants engaged in any wrongdoing or unlawful conduct whatsoever. Defendants expressly deny that they engaged in any wrongdoing or unlawful conduct whatsoever.

2.  **Obligations of Defendants/Consideration.**

(a) In consideration of Plaintiff's agreement to and compliance with all the terms set forth herein and provided that: (a) Plaintiff executes this Agreement and returns the executed agreement; (b) Plaintiff agrees to file, and cause his attorneys to file, a Joint Motion for Settlement Approval and Dismissal; (c) Plaintiff agrees to file, and cause his attorneys to file, any other documents needed to effectuate the full and final settlement of this matter with prejudice; (d) Plaintiff does not revoke his release under the Age Discrimination in Employment Act set forth herein or if he does, that Defendants agree not to void this Agreement other than the release under the Age Discrimination in Employment Act; and (e) that this Agreement is not otherwise revoked or impaired; and (f) that the Court approves the settlement of this action, Defendants shall, within fourteen (14) days of Court approval, pay the total sum of $11,149.00 as follows:

(i) a check in the amount of one thousand five hundred dollars ($1,500.00), made payable to "Wilfredo Lopez" as consideration to resolve Plaintiff's overtime wages claims and in consideration for all the other agreements and promises made by Plaintiff herein, including but not limited to the release of all claims provided by Plaintiff herein, and forwarded to Plaintiff's counsel Shavitz Law Group. P.A., 1515 S. Federal Highway, Suite 404, Boca Raton, Florida 33432 ("Plaintiff's Counsel") for which a form W-2 will be issued to Plaintiff;

(ii) a check in the amount of one thousand five hundred dollars ($1,500.00), made payable to "Wilfredo Lopez" as consideration to resolve Plaintiff's alleged liquidated damages claims and in consideration for all the other agreements and promises made by Plaintiff herein, including but not limited to the release of all claims provided by Plaintiff herein and forwarded to Plaintiff's counsel, for which a form 1099 will be issued to Plaintiff; and

(iii) a check in the amount of Eight Thousand One Hundred Forty-Nine Dollars ($8,149.00) made payable to "Shavitz Law Group, P.A." as consideration for $1,049.00 for costs and $7,000.00 for attorneys' fees and in consideration for all the other agreements and promises made by Plaintiff herein, including but not limited to the release of all claims provided by Plaintiff herein and forwarded to Plaintiff's counsel, for which a form 1099 will be issued to Plaintiff.

(b) The payments set forth in this Agreement are being paid in full and final settlement of all of Plaintiff's claims, whether known or unknown, against the Released Parties and/or any of them, from the beginning of the world through the date Plaintiff executes this Agreement, including but not limited to settlement of the above-captioned lawsuit filed against Defendants and expressly includes a settlement of attorneys' fees and costs. Plaintiff acknowledges that the consideration in this paragraph 2 is valid consideration for his agreement to the provisions herein.

(c) Robert L. Rose agrees that he will not make any statements to any current, former or prospective officers, agents, vendors, suppliers, clients or business associates of Allied, that are in any way disparaging, defamatory, demeaning or negative toward Plaintiff, to include but not limited to speech, writings, emails, postings to social media, blogs and websites. This provision does not apply to employment-related communications, including but not limited to, performance appraisals, counselings, or discussions by or with Allied management.

(d) Plaintiff agrees that he will not make any statements to any current, former or prospective officers, agents, vendors, suppliers, clients or business associates of Allied, that are in any way disparaging, defamatory, demeaning or negative toward any of the Released Parties. This prohibition includes but is not limited to speech, writings, emails, postings to social media, blogs and websites.

3.  **Obligations of Plaintiff/Consideration**. In consideration of Defendants' agreement to the terms herein Plaintiff agrees, covenants, represents and warrants as follows:

(a) **Release of All Claims**. In exchange for the consideration provided to Plaintiff, Plaintiff, on behalf of himself and on behalf of his heirs, executors, administrators, successors and assigns, hereby waives, releases, and forever discharges each of the Released Parties of and from any and all claims, demands, damages, lawsuits, judgments, obligations, promises, actions, charges, rights, dues, accounts, reckonings, bonds, bills, covenants, contracts, and causes of action, both known and unknown, in law or in equity, of any kind whatsoever which against any of the Released Parties Plaintiff, his heirs, executors, administrators, successors and assigns ever had, now has or had prior hereto, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world up through the date Plaintiff executes this Agreement. This release includes, without at all limiting the generality of the foregoing, all matters relating to or arising out of Plaintiff's hire and employment by any Defendant; including but not limited matters relating to: compensation, wages, overtime pay, interest, medical, dental, optical, hospitalization or other benefits, job assignments, breaks, vacation pay, severance pay, sick pay, vacation pay, leave pay, reinstatement, layoff, recall from layoff, terms and conditions of employment, treatment by management, supervisors and/or co-employees. The claims, rights, and causes of action covered by this release of all claims include, but are expressly not limited to, any claim, right, or cause of action based on any federal, state or local law, constitution, executive order, statute or ordinance, including but not limited to, the National Labor Relations Act of 1935, as amended; the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§141-187; Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Civil

3

Rights Act of 1866 and 1871; the Equal Pay Act of 1963, as amended; the Fair Labor Standards Act of 1938, as amended; the Family Medical Leave Act of 1993; Employee Polygraph Protection Act of 1988; the Worker Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended; the Rehabilitation Act of 1973, as amended; the Americans With Disabilities Act of 1990, as amended; Executive Orders 11246 and 11375, the Employee Retirement Income Security Act of 1974, as amended (except any rights that may be vested under any retirement plan sponsored by Defendants); the Occupational Safety and Health Act of 1970, as amended; the Fair Credit Reporting Act; the Uniformed Services Employment and Re-employment Rights Act; the Veteran's Benefits Improvement Act of 2004; The New York State Labor Laws (including but not limited to those laws relating to overtime pay, minimum wage, hours of work and rest periods), the New York State Constitution, the New York State Human Rights Law, the New York City Human Rights Law, any and all regulations, wage orders, orders, or directives regarding wages, compensation and/or pay; any amendments to any of the foregoing, and any other claim, right, or cause of action founded in tort (including negligence), personal injury, contract (whether oral, written or implied), public policy, estoppel, specific performance, recall from layoffs, reinstatement, violation of covenant of good faith and fair dealing, misrepresentation, defamation, libel, slander, damage to reputation, invasion or violation of privacy, fraud, intentional or negligent infliction of emotional distress, interference with prospective and/or existing economic or business advantage, interference with contractual relations, assault, battery, any action based on retaliation, any action based on whistle blower activity, or any other common law or equitable basis of action, which Plaintiff had, now has, or may claim to have against the Released Parties, or which Plaintiff hereafter shall or may have for any reason against any of the Released Parties through the date Plaintiff executes this Agreement. Defendants expressly deny the validity of any claims by Plaintiff.

(b) Plaintiff hereby represents that other than the above-captioned matter pending in the United States District Court for the Eastern District of New York, he has not filed or caused or permitted to be filed any civil actions, complaints, lawsuits, grievances or proceedings against any of the Released Parties, with any federal, state, county or municipal agency or court or with any judicial, administrative, arbitral or other forum whatsoever, or with any of the Defendants or Released Parties, with regard to any of the released claims in paragraph 3(a) above ("Action"). If Plaintiff learns or if it otherwise is determined that Plaintiff has filed or caused or permitted to be filed any such Action, Plaintiff will immediately file a Stipulation for Dismissal With Prejudice or Stipulation of Withdrawal with Prejudice, and whatever other documents are necessary to effectuate the termination, with prejudice, of each such Action.

(c) Except for the purpose of seeking enforcement of the terms of this Settlement Agreement, not inconsistent with EEOC Enforcement Guidance On Non-Waivable Employee Rights Under EEOC-Enforced Statutes dated April 11, 1997, and to the fullest extent permitted by law, Plaintiff stipulates and agrees that he will not file or institute or cause to have filed or instituted any civil action, complaint, charge, grievance, report or other proceedings of any nature or description against any of the Defendants or any of the other Released Parties with any federal, state, county or municipal agency or court or with any judicial, administrative, arbitral or other forum whatsoever, or with any of the Defendants or any of the other Released Parties, based

upon or arising out of any claims released in Paragraph 3(a) above, whether asserted or unasserted, known or unknown, that Plaintiff may have against any of the Released Parties up through the date Plaintiff executes this Agreement, or in regard to acts, omissions or practices engaged in or foregone by any of the Released Parties.

(e) Plaintiff and his attorneys shall not disclose, nor cause or allow any person or entity to disclose, any information whatsoever regarding any of the terms or the existence of this Agreement (including the amount paid to Plaintiff) to any person or organization, including but not limited to, present and former directors, employees, suppliers, vendors or clients of Allied or any of the other Released Parties, any other members of the public or any other individuals or entities.  The only exception to the promise of confidentiality is that the parties will file a Joint Motion to Approve this Settlement with the Court (and hereby agree to do so *in camera* if permitted by the Court), and Plaintiff may make any disclosures to the Court required by the Court to approve the settlement of the above-captioned lawsuit, and may disclose the existence and terms of this Agreement to his lawyers and tax advisor as long as any person or entity to whom they disclose the existence or terms of this Agreement agree that they must also promise that they will not disclose the terms to anyone.  To any inquiries made by a person knowing that a dispute existed between Defendants and Plaintiff, or anyone asking about said dispute, (including any potential witnesses and co-workers), Plaintiff shall respond only to the effect that the "**case is over**."  Plaintiff shall not state that the case has been settled or use any other language except in response to any inquiries from the Court concerning the circumstances surrounding the negotiation of this Settlement Agreement.  The only other exception to Plaintiff's promise of confidentiality is that Plaintiff may reveal such terms of this Agreement as may be necessary to comply with a request made by the Internal Revenue Service, or may reveal the existence of this Agreement as otherwise compelled by a court or agency of competent jurisdiction, provided that Plaintiff provides immediate written notice of same to Gregory S. Lisi, Esq. Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, 333 Earl Ovington Boulevard, Uniondale, N.Y. 11553 via facsimile (516) 248-1729 and via email to glisi@forchellilaw.com if required to reveal the terms of this Agreement pursuant to this paragraph.  Plaintiff acknowledges and understands that this paragraph 6(e) is a material term of this Agreement, that Defendants are relying upon Plaintiff's promises in this paragraph 6(e) in deciding to enter into this Agreement and that a breach by him of the promise of confidentiality set forth in this paragraph 6(e) shall be a material breach of this Agreement, for which Defendants shall be entitled to an injunction and liquidated damages in the amount of $1,000.00 per violation to be paid by Plaintiff proven to have committed such a breach and any other damages allowable by law.

(f) Plaintiff shall not express to any person or organization (including but not limited to, present and former directors, employees, suppliers or clients of Defendants, other members of the public or any other individual or entity), any statements or opinions concerning whether or not Defendants have violated the law in any way and/or whether Allied was legally required to pay Plaintiff any monies.

(g) Plaintiff agrees that he will not voluntarily cooperate with any other person or entity who files or expresses a desire to file a grievance, claim, lawsuit, cause of action or any other claim of

any nature whatsoever against any of the Released Parties. Plaintiff will not take any action or cause or encourage others to take any action that is inconsistent with the provisions of this Agreement. This Agreement does not preclude Plaintiff from complying with any valid subpoena or other valid legal means of compulsion, which may be issued by a court of competent jurisdiction or government agency. Plaintiff will provide immediate written notice to Gregory S. Lisi, Esq. Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, 333 Earl Ovington Boulevard, Uniondale, N.Y. 11553 via facsimile (516) 248-1729 and via email to glisi@forchellilaw.com if required to reveal the terms of this Agreement pursuant to this paragraph.

(h) Plaintiff acknowledges that in the course of his employment with Allied, he acquired confidential financial and operational information that was disclosed to him in confidence and for use only by Allied and/or in the course of Allied's business. Plaintiff agrees he shall: (a) keep such information confidential at all times after his employment with Allied; (b) not disclose or communicate confidential information to any third party; and (c) not make use of confidential information on his own behalf, or on behalf of any third party, at any time, whether employed by Allied or otherwise.

(i) Plaintiff agrees that he will not make any statements to any person or entity, including but not limited to, current, former or prospective officers, agents, representatives, employees, vendors, suppliers, clients or business associates of Allied or to other members of the public, that are in any way disparaging, defamatory, demeaning or negative toward the Defendants or any of the other Released Parties, to include but not limited to speech, writings, emails, postings to social media, blogs and websites.

4.   **Severability**. In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

5.   **Entire Agreement**. This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of the parties to this Agreement. No party has relied upon any oral agreements in determining whether to enter into this Agreement. Plaintiff agrees that apart from the payments being made pursuant to this Agreement, he is not entitled to any other payments from this lawsuit or any other consideration from Defendants are from any other of the Released Parties.

6.   **Governing Law**. The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Plaintiff hereby irrevocably consents to the exclusive jurisdiction of the courts of the State of New York and/or the United States Court for the Eastern District of New York, for all disputes occurring under this Agreement.

7.   **Attorneys' Fees.** It is further agreed that outside of the compromise consideration agreed upon in this Agreement to be paid by Allied for Plaintiff's attorneys' fees and costs, each, party shall bear their, its or his own costs and attorneys' fees, incurred in the above-captioned

lawsuit, whether through investigation, litigation, settlement or otherwise and in handling the matters covered by this Agreement.

8. **Agreement Not to be Used as Evidence**. This Agreement shall not be admissible as evidence in any proceeding except where one of the parties to this Agreement seeks Court approval of this Agreement, seeks to enforce this Agreement or alleges this Agreement has been breached, or where one of the parties is ordered to produce this Agreement by a Court or administrative agency of competent jurisdiction. Plaintiff further agrees that, in the event a Court or administrative agency orders this Agreement to be produced, Plaintiff will provide immediate written notice to Gregory S. Lisi, Esq. Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, 333 Earl Ovington Boulevard, Uniondale, N.Y. 11553 via facsimile (516) 248-1729 and via email to glisi@forchellilaw.com so Defendants can seek a protective order or other relief from that Court or agency.

9. **Opportunity to Consider and Confer/Acknowledgement of Time Requirements**. Plaintiff is hereby advised by Allied to consult an attorney as to the advisability of signing this Agreement. By signing this Agreement, Plaintiff acknowledges that he has had the opportunity to study, consider, and deliberate upon this Agreement and has had the opportunity to consult with his attorney as to the advisability of entering into this Agreement. Plaintiff acknowledges and represents that he has been given twenty-one (21) days from the date of his receipt of this Agreement to consider it prior to signing and represents and warrants that, should he chose to execute and return this Agreement before that time, he has done so after conferring with his counsel, with full knowledge that he is entitled to twenty-one (21) days to review same, and that he has voluntarily chosen to execute and return it before the expiration of twenty-one (21) days because and only because he perceives it to be to his benefit to do so.

In addition, Plaintiff understands that he has seven (7) days following his execution and return of this Agreement to revoke his release of claims pursuant to the Age Discrimination in Employment Act contained in the Agreement. Plaintiff understands and agrees that this Agreement shall not become effective or enforceable until the aforesaid revocation period has expired. Said revocation must be in writing, addressed to Gregory S. Lisi, Esq. Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, 333 Earl Ovington Boulevard, Uniondale, N.Y. 11553 via facsimile (516) 248-1729 and via email to glisi@forchellilaw.com, and be sent via facsimile to (813) 287-5757 on or before 5:00 p.m. on the seventh day after execution, with the original to follow by mail, certified with a return receipt requested and postmarked that same day. In the event the seventh day falls on a Saturday, Sunday or holiday, the Revocation Period shall be deemed to expire at 5:00 p.m. on the first business day thereafter. The parties agree that should Plaintiff revoke his release of claims pursuant to the Age Discrimination in Employment Act contained in the Agreement, that this Agreement shall then become voidable at the option of only Allied, and that Allied may choose to so void this Agreement in its entirety or fail to so chose, in which case this Agreement shall be in full force and effect, other than the release pursuant to the Age Discrimination in Employment Act.

10. **Knowing and Voluntary**. Plaintiff hereby confirms that he had an attorney review this Agreement. Plaintiff hereby represents that by entering into this Agreement, he knows he is

giving up important rights, including but not limited to the right to bring a claim of age discrimination under the Age Discrimination in Employment Act against Allied, that he has carefully read and fully considered the terms of this Agreement, has had ample opportunity to discuss the terms of the Agreement with attorneys of his own choosing, has had ample opportunity to negotiate the terms of this Agreement through his attorneys if any, agrees to all of the terms of this Agreement, intends to be bound by them and to fulfill the promises set forth herein, and voluntarily and knowingly enters into this Agreement with full understanding of its binding legal consequences and has executed this Agreement voluntarily, knowingly and with such advice from his attorneys if any as he deems appropriate. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner. Plaintiff represents and warrants that he fully understands and is in full agreement with all of the terms of this Agreement and represents and affirms that he does not rely upon and has not relied upon any representation or statement made by anyone that has not been set forth in this Agreement.

11. **Construction**. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party. Titles in this Agreement are for format purposes only and are not to be imbued with any contractual construction.

12. **Counterparts and Duplicate Originals**. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of more than one party, and all of which taken together will for all purposes constitute one and the same agreement, binding on all of the parties, notwithstanding that all of such parties have not executed the same counterpart. Two or more duplicate originals of this Agreement may be signed by the parties, each of which shall be an original but all of which together shall constitute one and the same agreement. Scanned signatures shall have the same efficacy as original signatures.

13. **Enforcement of Agreement:** In any action to enforce any provision(s) of this Agreement or to address a breach of the Agreement, the prevailing party is entitled to recover his/their reasonable attorneys' fees and costs.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Plaintiff and the duly authorized representative of Defendants execute this Confidential Settlement Agreement, Waiver and Release by signing below voluntarily and with full knowledge of the significance of all of its provisions.

BY SIGNING THIS AGREEMENT, PLAINTIFF REPRESENTS THAT: HE HAS READ IT; HE UNDERSTANDS IT AND HE KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS; HE AGREES WITH EVERYTHING IN IT AND AGREES TO BE BOUND BY IT;

HE HAS HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT; AND HE HAS SIGNED IT KNOWINGLY AND VOLUNTARILY.

PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT INCLUDES A WAIVER AND RELEASE OF ALL CLAIMS.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the dates set forth below:

| WILDREDO LOPEZ | AVIATION SERVICE COMPANY OF NEW YORK, INC., ALLIED AVIATION HOLDINGS CORPORATION, ALLIED AVIATION, LLC, and ROBERT L. ROSE |
|---|---|
| *[signature]* | By: *Robert L. Rose* <br> Name: ROBERT L ROSE <br> Title: President |
| Sworn to before me this 11 day of 11, 2014 <br> *[signature]* <br> Notary Public <br> SHAHAR AHMED <br> NOTARY PUBLIC-STATE OF NEW YORK <br> No. 01AH4874056 <br> Qualified in Nassau County <br> My Commission Expires June 21, 2015 | Sworn to before me this 17 day of November, 2014 <br> *[signature]* <br> Notary Public |

*[signature]*
Plaintiff's Counsel
(As to the Confidentiality Provision(s) Contained Herein)

State of Florida   County of Sarasota
Subscribed and sworn before me on 11-17-14
*[signature]*   (Date)
(Notary Signature)

Sworn to before me this 7 day of Nov, 2014
*[signature]*
Notary Public

RENATA ARAUJO
Notary Public - State of Florida
My Comm. Expires Mar 6, 2016
Commission # EE 176413

Alexander Poland
State of Florida
My Commission Expires 06/09/2018
Commission No. FF 130873
Bonded through Western Surety Company

9